Stephen D. CADWELL, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 92–28.

United States Court of Veterans Appeals.

Aug. 6, 1993.

Before NEBEKER, Chief Judge, and KRAMER and IVERS, Judges.

## ORDER

PER CURIAM.

This matter is before the Court on appellant's May 18, 1993, motion for review of a May 10, 1993, order of this Court dismissing appellant's case for lack of jurisdiction. In its order, the Court noted that appellant's Notice of Disagreement (NOD) was filed September 21, 1988, and that the Court has jurisdiction only over cases in which an NOD was filed on or after November 18, 1988. *See* Veterans' Judicial Review Act (VJRA), Pub.L. No. 100–687, § 402 (1988) (found at 38 U.S.C.A. § 7251 note (West 1991)). In his motion for review, appellant argues that a subsequent NOD filed on October 29, 1990, confers jurisdiction on the Court according to this Court's opinion in *Hamilton v. Brown,* 4 Vet.App. 528 (1993).

In 1976, a Veterans' Administration (now Department of Veterans Affairs) regional office (RO) denied appellant's claim for service connection for a nervous condition. R. at 59. In 1983, the RO denied appellant's

claim for post traumatic stress disorder (PTSD). R. at 81. In 1987, appellant filed another claim for service connection for PTSD which the RO denied on July 21, 1988. R. at 84, 176. The RO received appellant's NOD on September 21, 1988. R. at 178. At a personal hearing, the issue was stated as "service connection for a nervous disorder to include [PTSD]." R. at 198. In a decision dated September 4, 1990, the Board of Veterans' Appeals (BVA or Board) noted that "the statement of the case, as well as the supplemental statement of the case, issued to the veteran in connection with his current claim, [did] not discuss [the] prior denials [in 1976 and 1983] and their effect upon the veteran's current claim." R. at 394. The Board remanded the case to the RO with instructions that the RO "consider this case in light of [the] unappealed rating decision[s]." R. at 395.

On October 10, 1990, the RO determined that the evidence "did not provide a new factual basis for reconsideration of the claim" but instead was "of a cumulative nature." R. at 396. Appellant filed an NOD with that decision on October 29, 1990. R. at 402. The BVA issued a decision on September 12, 1991, stating that appellant had failed to submit new and material evidence to reopen his claim. *Stephen D. Cadwell,* BVA 91–27146, at 7 (Sept. 12, 1991). Appellant filed a timely appeal to this Court. On May 10, 1993, the Court dismissed the case for lack of jurisdiction.

In his motion for review, appellant argues that, when the BVA remanded his case for the RO to decide whether the evidence submitted since the previous RO denials of the claim constituted new and material evidence, the remand was for the purpose of adjudicating an issue different from the issue of service connection with which appellant had filed his first NOD on September 21, 1988. Appellant's Mot. at 6–8. Therefore, appellant alleges that his second NOD, filed on October 29, 1990, confers jurisdiction on the Court in accordance with this Court's holding in *Hamilton v. Brown,* where the Court stated,

[W]here the BVA remands to an RO for development and adjudication a claim not decided by the RO (and as to which no NOD has ever been filed, and which thus is not an appealed claim) and the claimant files a timely expression of disagreement with the RO, that expression is an NOD as to that claim....

*Id.* at 538–39.

However, this Court also held in *Hamilton* that "where the BVA remands to an RO for further development and readjudication a claim previously decided by the RO and properly appealed to the BVA ..., an expression of disagreement with a subsequent RO readjudication on remand cannot be an NOD." *Id.* at 538. In the instant case, appellant, from 1987, was attempting to reopen his claim for service connection for PTSD. He filed a 1988 NOD before the effective date of the VJRA. The subsequent remand to the RO, which produced its decision that no new and material evidence had been presented, was part of the 1988 attempt to reopen. Hence, the October 29, 1990, NOD does not confer jurisdiction on this Court since it was part of the earlier new and material evidence claim and therefore falls under the *Hamilton* "same claim" holding. *Cf. Suttmann v. Brown,* 5 Vet.App. 127 (1993).

Upon consideration of the foregoing, it is

ORDERED that appellant's motion for review is granted; it is further

ORDERED that this Court's May 10, 1993, order is vacated and this order is issued in its place; it is further

ORDERED that this appeal is dismissed for lack of jurisdiction.