Gerald W. BAKER, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 94–148.

United States Court of Veterans Appeals.

Nov. 23, 1994.

Before IVERS, Judge.

**ORDER**

*Note: Pursuant to U.S.Vet.App.R. 28(j), this action may not be cited as precedent.*

On February 23, 1994, the appellant filed a Notice of Appeal from a November 1, 1993, Board of Veterans' Appeals (BVA) decision denying him service connection for an acquired psychiatric disorder, including post-traumatic stress disorder (PTSD). In his NOA, the appellant lists May 22, 1990, as the date on which he had filed a Notice of Disagreement (NOD). The Secretary later filed a copy of the BVA decision which reflects that on November 1, 1988, the appellant had filed an NOD to a June 1988 rating decision denying reopening of the veteran's claim for service connection for post-traumatic stress disorder.

On March 31, 1993, the Court ordered that appellant, within 20 days after the date of that order, show cause why his appeal should not be dismissed for lack of jurisdiction. On April 14, 1994, the appellant's attorney entered his appearance in this matter. On

April 15, 1994, the Court granted the appellant an extension of time until May 18, 1994, to file a response to the Court's order. Appellant has not, to date, filed a response.

The November 1, 1993, BVA decision reflects that a regional office (RO) hearing officer determined in March 1989 that the appellant had submitted new and material evidence to reopen his claim. The RO reopened the claim, referred the appellant for a psychiatric examination and then, in June 1989 denied the claim. Additional evidence was then submitted in December 1989 by the appellant's United States representative. The RO considered this submission of records as a new claim for service connection for a nervous disorder. The RO denied that claim in February 1990. In May 1990 the appellant filed an NOD to the February 1990 RO decision. The RO issued a Statement of the Case rather than a Supplemental Statement of the Case (SSOC). In February 1991 the BVA remanded the case so that the appellant could be furnished with the applicable laws and regulations concerning the finality of a prior Board decision.

The RO issued an SSOC and held that the veteran had not submitted new and material evidence to reopen his claim. In a November 1991 decision, the BVA determined that the appellant had submitted new and material evidence to reopen his claim. The Board remanded the case to the RO for adjudication of the case based on all the evidence of record. The RO reviewed the case and denied the appellant's claim in October 1992. An SSOC was issued. The appellant had numerous conflicting medical opinions as to whether he had PTSD. The appellant's treating psychiatrist (name not provided) determined that the appellant had PTSD and that he had "blended his post-traumatic stress disorder with pre-existing personality and character impairments." In June 1993 the BVA requested the opinion of an independent medical expert (IME), Dr. Donald Swanson, Director of Adult Psychiatric Services at the University of Nebraska and Creighton University Medical Center.

The Board determined that the appellant served in the United States military with a tour of duty in the Republic of Vietnam from October 1968 to September 1969. The Board conceded the fact that the appellant engaged in combat with the enemy in verifying in-service stressors. However, Dr. Swanson, opined that the appellant's symptoms were not that of PTSD but rather a personality disorder of a mixed type (primary diagnosis), and atypical affective disorder (secondary diagnosis). In November 1993 the BVA denied service connection. The BVA also determined that the submission of additional evidence in December 1989 was only a continuation of the appeal rather than a submission of a new claim as the RO improperly treated the claim, and therefore, the NOD for the purpose of this appeal was filed no later than November 1, 1988. The appellant appealed to this Court.

The Court has jurisdiction only over cases in which an NOD was filed on or after November 18, 1988, *see* Veterans' Judicial Review Act, Pub.L. No. 100-687 § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note). Further, there can be only one valid NOD as to a particular claim until a final RO or BVA decision has been rendered in that matter, or the appeal has been withdrawn by the claimant. *Hamilton v. Brown,* 4 Vet.App. 528, 542 (1993). Also, in *Cadwell v. Brown,* 5 Vet.App. 386, 388 (1993), the Court determined that a second NOD, submitted after a BVA remand to determine if new and material evidence had been presented, to be part of the original claim and thus nonjurisdiction-conferring under *Hamilton,* 4 Vet.App. at 542. As in this case, the Board had not ruled on the merits of the appeal prior to the November 1993 BVA decision. Therefore, for purposes of this appeal the NOD was not filed later than November 18, 1988.

On June 16, 1994, the Court ordered that the Secretary submit a memorandum, within 14 days of the order, advising the Court as to why the May 22, 1990, NOD should not be treated as a valid NOD as recognized by the agency of original jurisdiction in issuing its February 1990 decision. The appellant was given an opportunity to respond within 14 days of the Secretary's memorandum.

On July 14, 1994, The Secretary responded via the submission of a preliminary record

and a motion to dismiss and to stay further proceedings. The Appellant has not filed a response.

On consideration of the foregoing, it is

ORDERED that this appeal is dismissed for lack of jurisdiction.